J-S61024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID ROGER PROBST | |
| Appellant | No. 657 MDA 2015 |

Appeal from the PCRA Order of April 10, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0001472-2009

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 09, 2015**

David Probst appeals the April 10, 2015 order that dismissed his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, without an evidentiary hearing.  We reverse the order, and we remand for an evidentiary hearing.

The PCRA court summarized the history of this case as follows:

On June 3, 2010, a jury found [Probst] guilty of aggravated indecent assault of a child, indecent assault of a child less than 13 years of age, and corruption of a minor.  "At sentencing the trial court determined that [Probst] had a prior predicate offense and sentenced him, in accordance with 42 Pa.C.S.A. § 9718.2, to a mandatory term of 25 to 50 years' incarceration on . . . aggravated indecent assault.  The trial court imposed an identical concurrent sentence at . . . indecent assault and a consecutive term of five years' probation at . . . corruption of minors."  [**Commonwealth v. Probst**, 682 MDA 2011, slip op.

---

[*]     Retired Senior Judge assigned to the Superior Court.

at 5. Probst filed a post-sentence motion. The trial court held a hearing on the motion on January 14, 2011. The motion was denied on March 21, 2011.] On April 19, 2011, [Probst] filed a Notice of Appeal. On January 16, 2013, the Superior Court affirmed the judgment of sentence. [Probst] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

[On January 16, 2014, Probst filed a PCRA petition.] On April 22, 2014, PCRA counsel filed an Amended [PCRA] Petition. . . . In a letter dated May 6, 2014, [Probst] requested new PCRA Counsel. On May 14, 2014, PCRA Counsel filed a motion on behalf of [Probst]. In the motion, PCRA Counsel requested that the [PCRA court] permit him to withdraw as counsel and appoint new counsel. On July 18, 2014, PCRA Counsel was granted leave to withdraw as counsel and current counsel was appointed. On July 23, 2014, the [PCRA court] ordered current PCRA Counsel to file an amended petition or a **Turner**/**Finley**[1] letter by October 2, 2014. Current PCRA Counsel did not file an amended petition or **Turner**/**Finley** letter. On January 5, 2015, the [PCRA court] held a conference during which current PCRA Counsel raised the arguments that are in the original PCRA Counsel's amended petition.

Original PCRA Counsel made two arguments in his Amended PCRA Petition. First, he argued that trial counsel was ineffective because he failed to advise [Probst] of the potential application of the 25 year mandatory minimum sentence in 42 Pa.C.S.A. § 9718.2(a)(1) before [Probst] rejected a plea offer of a minimum of five years incarceration. Second, he argued that trial counsel was ineffective because he failed to object to the competency of the child witness, who was nine years old at the time of the offense and ten years old at the time of the trial. . . .

During the January 9, 2015 conference, the attorney for the Commonwealth argued that PCRA Counsel's first issue was previously litigated.

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (outlining the procedure for appointed PCRA counsel to withdraw from representation when a PCRA appeal is frivolous).

- 2 -

Trial Court Opinion and Order ("T.C.O."), 3/17/2015, at 1-2 (footnotes omitted).

On March 17, 2015, the PCRA court issued an opinion and an order in which it provided notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Probst's PCRA petition without a hearing. On March 30, 2015, Probst prematurely filed a notice of appeal of the March 17 opinion and order, which he later withdrew on April 2, 2015. On April 10, 2015, the PCRA court filed its order dismissing the petition. On April 14, 2015, Probst filed a notice of appeal. On April 16, 2015, the PCRA court ordered Probst to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Probst timely complied. On June 8, 2015, the PCRA court filed a statement pursuant to Pa.R.A.P. 1925(a) in which it adopted its March 17, 2015 opinion and order.

Probst raises one issue on appeal:

Whether a failure of trial counsel to advise a client with no legal knowledge as to the sentencing ramifications of foregoing a plea or choosing to accept an offer is ineffective assistance of counsel?

Probst's Brief at 6.

Our standard of review in the PCRA context is well-settled: "[A]n appellate court reviews the PCRA court's findings of fact to determine if they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citing **Commonwealth v. Colavita**, 993 A.2d 874,

887 (Pa. 2010)). We apply a *de novo* standard of review with regard to the PCRA court's legal conclusions. ***Commonwealth v. Rios***, 920 A.2d 790, 810 (Pa. 2007).

Probst raises a claim of ineffective assistance of counsel ("IAC"). Our standard of review in this context is well-defined:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Colavita***, 993 A.2d at 886 (citing ***Strickland v. Washington***, 466 U.S. 668, 690 (1984)). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. ***See Commonwealth v. Pierce***, 527 A.2d 973, 975-77 (Pa. 1987). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013).

***Spotz***, 84 A.3d at 311 (internal citations modified). We need not analyze "the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the [***Pierce***] test, the court may proceed to that element first." ***Commonwealth v. Lambert***, 797 A.2d 232, 243 n.9 (Pa. 2001).

Probst argues that his trial counsel was ineffective for failing to inform him of the applicable mandatory minimum that would result if he were found guilty at trial. Probst contends that trial counsel advised him not to take the Commonwealth's five-year offer because he was facing only a five-year maximum sentence. Probst maintains that, because he was unaware of the mandatory sentence, he could not make an intelligent, knowing, and voluntary decision about the Commonwealth's plea offer. Probst argues that his trial counsel could have no strategic reason to withhold that information. Finally, Probst contends that he was prejudiced by trial counsel's actions because he is serving a twenty-five-year sentence instead of a five-year sentence. Probst's Brief at 7-9.

The Commonwealth has not filed a brief, but the trial court stated that the Commonwealth represented that this issue has been litigated previously. T.C.O. at 2. The PCRA court also asserted that Probst failed to demonstrate arguable merit based upon this Court's decision on direct appeal that there was no error in failing to provide Probst with pre-trial notice of the mandatory sentence. *Id.* at 3-4.

First, an IAC claim is distinct from the underlying issue on direct appeal. *See Commonwealth v. Collins*, 888 A.2d 564, 571 (Pa. 2005) ("[T]he underlying claim of error is different from the collateral claim of ineffectiveness . . . while the underlying claim of trial court error is relevant to assessing a claim of ineffectiveness, it is only relevant to the extent that it impacts assessment under the three prong ineffectiveness test."). Also, on

his direct appeal, Probst challenged the lack of notice that the Commonwealth intended to pursue a mandatory sentence. *See* Statement of Matters Complained of on Appeal, 4/27/2012. That is distinct from the IAC claim that Probst sets forth here. It has not been litigated previously. Similarly, on direct appeal, the panel dealt with the statutorily required notice, not counsel's failure to inform Probst. We stated that "a failure to provide [Probst] with a pretrial notice of the applicability of section 9718.2 [did not preclude] the trial court from imposing the mandatory sentence." *Probst*, 682 MDA 2011 at 18. We held that "the purpose [of pretrial notice] is to protect a defendant from waiving rights in ignorance of his exposure to a potential 25-year mandatory minimum sentence. . . . [Probst] in this case did not waive his rights. Rather he asserted all his rights in proceeding to a jury trial." *Id.* at 19-20. We did not conclude that this particular issue lacked arguable merit; the prior panel focused upon the statutory pretrial notice and not trial counsel's advice regarding entering a plea.

We now turn to Probst's IAC claim. In *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the United States Supreme Court affirmed that the right to effective assistance of counsel extends to the plea-bargaining process, including when a defendant rejects a plea based upon counsel's advice and proceeds to trial. *Id.* at 1383-84. In that case, the parties conceded that the defendant's counsel was deficient in his performance and the Supreme Court focused upon the prejudice prong of the *Strickland* test. *Id.* at 1384. The Court held that, to demonstrate prejudice, the defendant must

demonstrate that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 1385.

Probst asserts that his claim has arguable merit because Prosbt demonstrated his willingness to take a plea when he initially accepted the Commonwealth's two-year offer, trial counsel averred to the trial court that he had not considered the twenty-five-year mandatory, and that Probst was deprived of the ability to make a knowing, voluntary, and intelligent decision to pursue a plea or go to trial without this information. Probst's Brief at 8. Additionally, we can conceive of no reasonable basis for trial counsel not to inform Probst of an applicable twenty-five-year mandatory minimum.

However, pursuant to *Lafler*, the prejudice prong hinges upon whether the Commonwealth had offered a plea for a five-year sentence as Probst alleges, or whether the only offered plea was the two-year sentence that the Commonwealth rescinded, as the Commonwealth asserted at the post-sentence motion hearing. If the Commonwealth did not offer a five-year plea, then there would be no offer for counsel to present to Probst and

to be accepted by the court.[2]  Unfortunately, this factual issue cannot be resolved at this time because the PCRA court did not hold an evidentiary hearing.

> Dismissal pursuant to Rule 907 is authorized:
>
> [i]f the judge is satisfied from this review [of the petition, answer, and the record] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa.R.Crim.P. 907(1).  "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing."  *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Here, the parties have maintained different stories about the pleas offered.  The issue first arose at sentencing when Probst made an argument about the notice required pursuant to section 9718.2.  Probst's counsel averred that Probst was before the court to accept the two-year deal, but that the Commonwealth withdrew that offer, and that the Commonwealth

---

[2]  We cite *Lafler*'s discussion of proving prejudice in this type of situation.  However, we do not intend to foreclose any other avenue by which Probst may prove prejudice.

then wanted Probst to serve five years and a plea to that effect was offered. Notes of Testimony ("N.T."), 11/12/2010, at 48-49. The Commonwealth contended that the two-year plea was pulled because the District Attorney realized that the twenty-five year mandatory was applicable. *Id.* at 48.

At the hearing on the post-sentence motion,[3] the parties again argued about the purported five-year plea deal. Probst's attorney asserted that the two-year plea deal was pulled because the Commonwealth wanted Probst to serve a five-year mandatory sentence for felony aggravated indecent assault. N.T., 1/14/2011, at 22. The Commonwealth again averred that the plea was pulled because of the applicable twenty-five-year mandatory, although the assistant district attorney admitted that she was making an assumption based upon notes written by someone else in her office. *Id.* at 9-10. The Commonwealth asserted that a five-year plea was never offered. *Id.* at 10. However, Probst's counsel stated, "what they were offering at that time, was a five-year plea." *Id.* at 37. The only relevant testimony from that hearing was Probst's statement that, had he known about the possible twenty-five-year sentence, he would have pled guilty to lesser sentence. *Id.* at 32, 34-35. The trial court admitted there was a factual issue regarding whether a five-year plea was ever offered:

_____

[3] At both sentencing and the post-sentence motion hearing, the argument was focused upon whether notice was given as required pursuant to section 9718.2.

And I guess that's where your factual recollection differs from the DA's position. Your factual recollection is that they said no to the two, but they would have taken a plea to the five-year mandatory, where their position is they said no to the two because they were seeking a 25-year mandatory.

*Id.* at 38-39.

Neither Probst's trial counsel nor anyone from the district attorney's office was under oath or gave testimony at either of these hearings. There was no record evidence upon which the PCRA court could make a credibility determination or a factual finding regarding whether a second plea offer was made. With this material factual issue unresolved, an evidentiary hearing was necessary before Probst's PCRA petition could be resolved.

Based upon the foregoing, we reverse the April 10, 2015 order and remand for an evidentiary hearing on Probst' PCRA petition, at which the involved parties should testify as to the relevant events.

Order reversed. Remanded for evidentiary hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2015

- 10 -